427 F.Supp. 1208 (1977)
In re TRANSOCEAN TENDER OFFER SECURITIES LITIGATION.
Frank S. NORMANN et al., Plaintiffs,
v.
VICKERS ENERGY CORPORATION et al., Defendants.
Nos. MDL 223 and 76 C 2254.
United States District Court, N. D. Illinois, E. D.
January 24, 1977.
Louis R. Koerner, Jr., Stephen M. Bernstein, Koerner & Babst, New Orleans, La., for plaintiffs.
*1209 Robert L. Stern, Leo Herzel, Susan Getzendanner, Robert K. Hagan, Mayer, Brown & Platt, Chicago, Ill., for Esmark, Inc., Vickers Energy Corp., the Directors of Esmark, Inc. and certain directors of TransOcean Oil, Inc.
William Key Wilde, Bracewell & Patterson, Houston, Tex., for defendants Stormy F. Smith, Edward J. Hudson and William A. Alexander.
John B. Holstead, Vinson, Elkins, Searls, Connally & Smith, Houston, Tex., for defendant TransOcean Oil, Inc.

MEMORANDUM AND ORDER
ROBSON, Senior District Judge.
This cause is before the court on the motion of plaintiffs to strike an affirmative defense filed by certain defendants and on the motion of defendants to dismiss paragraphs 27-32 of plaintiffs' complaint for failure to state a claim. For the reasons hereinafter stated, plaintiffs' motion shall be denied and defendants' motion shall be granted.
The instant litigation arises from a tender offer made by defendant Vickers Energy Corporation ("Vickers"), a wholly-owned subsidiary of defendant Esmark, Inc. ("Esmark"), for all of the outstanding common shares of defendant TransOcean Oil, Inc. ("TransOcean"). At the time of the offer, Vickers was the majority shareholder of TransOcean.
Plaintiffs, minority shareholders of TransOcean at the time of the tender offer, filed a class action complaint on October 16, 1974, alleging that the aforementioned defendants[1] violated both the securities and antitrust laws as a result of said tender offer. Inter alia, they assert violations of §§ 12 and 17 of the Securities Act of 1933, 15 U.S.C. §§ 77l and 77q, §§ 9(a), 9(e), 10(b), 14(d), 14(e), and 18 of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78i(a), 78i(e), 78j(b), 78n(d), 78n(e), and 78r, and state securities laws. (Complaint at paragraphs 21-26). In addition, plaintiffs allege that defendants violated §§ 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, and state antitrust laws. (Complaint at paragraphs 27-32).
All defendants answered the complaint. Certain defendants raised the defense that the securities laws provide an exclusive remedy in this action. Plaintiffs have moved this court[2] to strike this defense. Defendants have filed a joint memorandum to dismiss paragraphs 27-32 for failure to state a claim upon which relief can be granted.
The gravamen of plaintiffs' securities allegations is that defendants (1) failed to make sufficient disclosures in the tender offer circular; (2) caused the market price of TransOcean stock to be depressed; and (3) coerced the plaintiffs into accepting the offer. Plaintiffs further assert that defendants violated the antitrust laws by engaging in various acts[3] amounting to (1) contracts, combinations and conspiracies in restraint of the trading of TransOcean stock and (2) monopolization of the ownership of all of the common stock of TransOcean.
Plaintiffs maintain that where, as here, the gravamen of their antitrust claim is that defendants combined and conspired to form a source of monopoly power in the trading of the common stock of TransOcean, they have stated a claim under the antitrust laws as well as under the securities laws. The instant situation is analogized to that which existed in Georgia v. Pennsylvania Railroad Co., 324 U.S. 439, 65 S.Ct. 716, 89 L.Ed. 1051 (1945). Plaintiffs argue that here, as there, an action should *1210 be allowed to proceed under the antitrust laws as the securities laws prohibit certain fraudulent practices in the trading of stock but not a conspiracy to monopolize the trading of stock in order to take unwarranted advantage of the minority by destruction of the market.
Defendants, on the other hand, contend that the acquisition of the shares of a corporation cannot, without more, violate the antitrust laws. The instant situation is analogized to one involving § 7 of the Clayton Act, 15 U.S.C. § 18, in which a claim is stated only by alleging that the effect of an acquisition is (1) to lessen competition or (2) to create a monopoly in a line of commerce. As the plaintiffs have not alleged that competition was lessened in something other than the stock of TransOcean itself and as stock cannot be a line of commerce, defendants maintain that no claim has been stated under the Sherman Act or state antitrust laws.
Defendants further contend that the enactment of the Williams Act, 15 U.S.C. §§ 78m(d)-(e), 78n(d)-(f), clearly indicates that Congress intended the instant litigation to be decided under the securities laws. When, as here, plaintiffs' allegations fall within the scope of these statutes and without the scope of the antitrust laws, defendants assert that the securities laws provide the exclusive remedy.
In response, plaintiffs contend that the merger laws are inapplicable to the instant situation as they do not deal with improper methods of competing to acquire a monopoly. They further argue that the stock of a corporation can in fact be a line of commerce. Finally, plaintiffs maintain that they have stated antitrust claims as they have alleged that defendants committed certain acts which violate the antitrust laws.
On the facts as alleged, the court is of the opinion that defendants' motion must be granted. It may be true, as plaintiffs contend, that some acts in and of themselves can violate the antitrust laws. Similarly, in a given situation, it may be possible that plaintiffs could bring an action arising from the same facts under both the securities and antitrust laws. This is not such a case.
Plaintiffs admit in their memoranda that it is primarily defendants' methods of acquiring the TransOcean stock which are alleged to be in violation of the antitrust laws. Plaintiffs' failure to allege that defendants' actions have had any anticompetitive effect in a relevant market,[4] however, must bar antitrust claims under § 2 of the Sherman Act and under similar state laws. Moreover, the mere offer to purchase all of the outstanding shares of a corporation cannot be violative of either § 2 or § 1 of the Sherman Act or of similar state laws. If this were so, those provisions of the securities laws regulating tender offers would be, at least in part, contradictory to these antitrust laws.[5]
Further, to the extent that plaintiffs seek relief because of alleged actions such as market manipulation or coercion, their claims must be pursued under the securities laws. See Schaefer v. First National Bank of Lincolnwood, 509 F.2d 1287, 1299-1300 (7th Cir. 1975), cert. denied, 425 U.S. 943, 96 S.Ct. 1682, 48 L.Ed.2d 186 (1976). When, as here, the securities laws protect plaintiffs against the acts complained of and when, as here, plaintiffs have elected to pursue said claims under these laws, the antitrust claims are superfluous at best. Id. at 1300. The enactment of the securities laws and the provision allowing the recovery of actual damages only, 15 U.S.C. § 78bb(a), implicitly amended the antitrust laws and the treble damage provision, 15 U.S.C. § 15, to the extent that the latter laws might be considered applicable to the instant facts.
*1211 For the reason stated, it is therefore ordered that plaintiffs' motion shall be, and the same is hereby, denied.
It is further ordered that defendants' motion shall be, and the same is hereby, granted and paragraphs 27-32 of plaintiffs' complaint are dismissed.
NOTES
[1] The original complaint named Vickers, TransOcean and Esmark as defendants. It was amended to include directors and officers of these three corporations.
[2] The action was originally filed in Louisiana. It is here pursuant to order of the Judicial Panel on Multidistrict Litigation.
[3] Plaintiffs' primary allegations are that defendants conspired to fix the price of TransOcean stock, attempted to compel plaintiffs to accept the tender offer and monopolized the ownership of the common stock of TransOcean.
[4] The stock of TransOcean cannot be the relevant market for § 2 purposes in this case.
[5] The securities laws do not ban takeover tender offers per se. Under plaintiffs' theory, however, a tender offer for all outstanding shares of the target corporation would be forbidden by the Sherman Act or state antitrust laws.